United States District Court
Southern District of Texas
**ENTERED**
March 14, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS GARZA, TDCJ #2121650, | § § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION NO. H-23-0679 |
| GABI CANALES, et al., | § § § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

The plaintiff, Luis Garza (TDCJ #2121560), is presently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Wynne Unit in Huntsville. Garza has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), seeking monetary damages for his wrongful conviction and imprisonment. He has also filed an Application to Proceed Without Prepayment of Fees and Affidavit (Docket Entry No. 4). Because Garza is a prisoner who seeks leave to proceed in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. **Background**

Garza explains that he was convicted and sentenced to prison pursuant to a plea agreement in a case involving an individual's death, which Garza claims was the result of a traffic accident caused by the victim.[1] Garza was charged with manslaughter in connection with a crash that killed Jesus Lopez, Jr., who was "a beloved high school band instructor," after Garza struck Lopez's car with his Ford F-150.[2] Public records confirm that Garza is incarcerated for manslaughter as the result of an offense that occurred September 8, 2015.[3] Garza was sentenced to 14 years' imprisonment in that case in 2017.[4]

Garza blames his conviction on malpractice by his defense attorney and reports about the incident in the media.[5] Invoking 42 U.S.C. § 1983, Garza has filed this suit against the following

---

[1] Complaint, Docket Entry No. 1, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[2] See Man indicted in wreck; Manslaughter charge levied in deadly crash, 3A CORPUS CHRISTI CALLER-TIMES, 2016 WLNR 3737796 (Feb. 6, 2016); see also Lawyer: Defendant incompetent; Man charged in beloved band director's death, 1B CORPUS CHRISTI CALLER-TIMES, 2016 WLNR 22808647 (July 27, 2016)(noting that Garza was also facing charges of child endangerment in Kleburg County for speeding and crashing a vehicle with his daughter inside).

[3] See Texas Department of Criminal Justice Offender Information, located at: http://offender.tdcj.texas.gov (last visited March 13, 2023).

[4] See id.

[5] Complaint, Docket Entry No. 1, pp. 3, 4.

defendants: (1) defense attorney Gabi Canales; (2) Nueces County District Attorney Joe Mike Pena; (3) the 148th District Court for Nueces County; (4) the City of Corpus Christi; and (5) the Nueces County Sheriff's Department.[6] Garza seeks monetary damages for his wrongful conviction and for defamation of character.[7] The court concludes, however, that the Complaint must be dismissed because Garza fails to articulate a claim upon which relief may be granted under 42 U.S.C. § 1983.

## II. Discussion

Garza sues all of the defendants in this case under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Sanchez v. Oliver, 995 F.3d 461, 466 (5th Cir. 2021) (citation omitted). The alleged violation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Lugar v. Edmundson Oil Co., 102 S. Ct. 2744, 2753 (1982). This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that

---

[6] See Complaint, Docket Entry No. 1, p. 3.

[7] See id. at 4.

is, one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." Id.

## A. Garza's Claim of Wrongful Conviction

Garza contends that he is entitled to monetary damages under 42 U.S.C. § 1983 for his wrongful conviction, which he claims was the result of malpractice by his defense attorney in allowing the prosecutor and police to provide "wratcheting information" to the media.[8] It is well established that criminal defense attorneys, even court-appointed ones, are not state actors for purposes of a suit under 42 U.S.C. § 1983. See Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (citing Polk County v. Dodson, 102 S. Ct. 445, 453 (1981); Mills v. Criminal District Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988)). Because a civil rights complaint made against a criminal defense attorney alleges no state action, Garza fails to state a claim upon which relief can be granted as a matter of law against Canales. See Hudson, 98 F.3d at 873; see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).

In addition, Garza cannot recover monetary damages from the 148th District Court for Nueces County in connection with rulings made during his criminal proceeding because "[j]udicial officers are entitled to absolute immunity from claims for damages arising

---

[8]Complaint, Docket Entry No. 1, pp. 3-4.

out of acts performed in the exercise of their judicial functions." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). Prosecutors are also entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating a prosecution and presenting the state's case. See Imbler v. Pachtman, 96 S. Ct. 984, 995 (1976). Therefore, Garza's claims against the trial court and District Attorney Pena must be dismissed.

Although Garza also sues Nueces County and the City of Corpus Christi in connection with his wrongful conviction, a municipality is not vicariously liable under a theory of respondeat superior for wrongdoing committed by its employees. See Monell v. Dep't of Social Services of City of New York, 98 S. Ct. 2018, 2036 (1978). To state a claim for municipal liability under 42 U.S.C. § 1983, a plaintiff must identify "(1) a policymaker, (2) an official policy, and (3) a violation of constitutional rights whose moving force is the policy or custom." Horvath v. City of Leander, 946 F.3d 787, 793 (5th Cir. 2020). Garza, who does not allege any facts showing that his conviction was the result of an official policy, does not state a claim for municipal liability.

More importantly, a prisoner cannot recover monetary damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,"

without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). There is no indication that Garza filed an appeal or pursued collateral review of his conviction. Because Garza's underlying conviction has not been set aside or invalidated, the civil rights claims concerning his conviction are not cognizable and must be dismissed. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met").

**B.   Garza's Claim of Defamation**

Garza claims that the defendants engaged in defamation of character because the charges against him were publicized in the media.[9]   Because defamation is a state law claim, Garza's allegations do not rise to the level of constitutional violation and are not actionable under § 1983. See Cook v. Houston Post, 616 F.2d 791, 794-95 (5th Cir. 1980); see also Paul v. Davis, 96 S. Ct. 1155, 1165-66 (1976) (recognizing that while state tort law may protect against injury to reputation, a person's reputation does

---

[9]Complaint, Docket Entry No. 1, pp. 3-4.

not implicate a liberty or property interest protected by Constitution).

To the extent that Garza raises a state law claim of defamation in his Complaint, which is dated February 12, 2023,[10] his claim fails for another reason. A state law claim of defamation in Texas is governed by a one-year statute of limitations. See Tex. Civ. Prac. & Rem. Code § 16.002(a). A cause of action for defamation accrues when a defamatory statement is published. See San Antonio Credit Union v. O'Connor, 115 S.W.3d 82, 96 (Tex. App. — San Antonio 2003, pet. denied) (citing Kelley v. Rinkle, 532 S.W.2d 947, 949 (Tex. 1976)). Because Garza complains about news reports of an incident that occurred in 2015, which resulted in his conviction five years ago in 2017, his claims are well outside the one-year statute of limitations. Accordingly, Garza's Complaint will be dismissed with prejudice as legally frivolous and for failure to state a claim under 42 U.S.C. § 1983.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 filed by Luis Garza (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

2. The dismissal will count as a strike for purposes

---

[10] Id. at 5.

of 28 U.S.C. § 1915(g).

3. Garza's Application to Proceed Without Prepayment of Fees and Affidavit (Docket Entry No. 4) is **GRANTED**.

4. Garza shall pay $350.00, which is the filing fee for indigent litigants. When funds are available, officials with the TDCJ Inmate Trust Fund shall collect this amount from the plaintiff's trust account and forward it to the Clerk in periodic installments as required by 28 U.S.C. § 1915(b) until the entire fee is satisfied.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Order to (1) the TDCJ Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, by e-mail: ctfcourt.collections@tdcj.texas.gov; and (2) the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 14th day of March, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE